UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**MAY 18 2005**
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LARRY PATZLAFF, | * | CIV 04-4213 |
| | * | CR 01-40051 |
| Movant, | * | |
| | * | |
| -vs- | * | ORDER |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is the Government's Motion to Dismiss Petition Filed Pursuant to 28 U.S.C. § 2255. (Doc. 8.)

## BACKGROUND

Larry Patzlaff filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc.1.) By Order issued on March 17, 2005, the Court directed the Government to file a response to the § 2255 motion. (Doc. 2.) The Clerk sent a copy of the March 17 Order by mail to Patzlaff at the address Patzlaff listed on his motion, which was the Pennington County Jail. (Doc. 3.) The Pennington County Sheriff's Office returned the Order to the Court with a cover memorandum indicating that Patzlaff was no longer in custody at the Pennington County Jail. (Doc. 5.) The Clerk conducted a search for Patzlaff on the Federal Bureau of Prisons' Inmate Locator and found he is not in BOP custody. (Doc. 5.) The Government filed its Answer to the § 2255 motion and an accompanying brief on April 18, 2005, asserting that the § 2255 was untimely filed and should be dismissed with prejudice. (Docs. 6 and 7.)

According to the Government's Motion to Dismiss, doc. 8, the envelope containing the Government's answer and supporting memorandum of law addressed to Patzlaff at his last known address (the Pennington County Jail) was returned by the U.S. Postal Service with the stamp,

"Return to Sender - Moved - No Forwarding Address." A query was done on the Bureau of Prison's website and counsel for the Government learned that Patzlaff had been released from federal custody on January 28, 2005. The Government asserts that Patzlaff's § 2255 motion should be dismissed based on Rule 1 of the Rules Governing Section 2255 Proceedings which requires a person petitioning under § 2255 to be in federal custody.

## DISCUSSION

Patzlaff's §2255 motion which was filed while he was in custody will not be dismissed for the reason asserted by the Government in the Motion to Dismiss. In *Carafas v. LaVallee*, 391 U.S. 234 (1968), the Supreme Court held that the movant was entitled to consideration of the § 2255 motion filed while he was incarcerated, even though his sentence expired while the motion awaited appellate review. *See also United States v. Kriz*, 621 F.2d 306, 308 n. 2 (8th Cir. 1980) (prisoner's parole "does not defeat the in custody requirement for purposes of section 2255 jurisdiction"). Therefore, Patzlaff is entitled to consideration of his § 2255 motion if it is properly filed even though he has been released from custody.

Relief might be denied Patzlaff for other reasons. First of all, as the Government asserted in its Answer, Patzlaff's § 2255 was not timely filed. There is a one-year statute of limitations under 28 U.S.C. § 2255 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] In *Clay v. United States,* 537 U.S. 522, 525 (2003), the United States Supreme Court held that "[f]or the purpose of starting the clock on § 2255's one-year limitation period, ... a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." The mandate from the Eighth Circuit affirming Patzlaff's conviction was issued on October 2, 2002. The § 2255 was not filed until over two years later on December 27, 2004.

---

[1]Section 2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section."

2

Secondly, Patzlaff has failed to notify the Court of his new address. Litigants have a duty to keep the Court informed of address changes. Notification of an address change is essential to the orderly and expeditious disposition of cases. It is not feasible for the Court to independently research the current addresses of all parties in cases pending before the Court. Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for the failure to prosecute or to comply with an order of the court. *See Norman v. Arkansas Dep't. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996)("The Supreme Court has held that a district court has the power under Fed. R. Civ. P. 41(b) to dismiss a case *sua sponte* for failure to prosecute."). This Order will be sent to Patzlaff at the address obtained by the Court from the Federal Probation Office which is part of the Court's staff. Patzlaff then must provide the Court with facts and argument in response to the Government's assertions that the § 2255 motion is untimely because it was not filed within the one-year statute of limitations, and that Patzlaff procedurally defaulted on his claims. If Patzlaff fails to provide the Court with this information, this action will be dismissed as untimely, and in accordance with this Court's authority under Rule 41(b) for failure to prosecute or failure to comply with a court order. Accordingly,

IT IS ORDERED:

1. That the Government's Motion to Dismiss Petition Filed Pursuant to 28 U.S.C. § 2255, doc. 8, is denied.

2. That the Clerk of Court shall serve a copy of this Order, along with a copy of the Government's Answer and supporting memorandum, docs. 6 and 7, on Patzlaff at the following address:

    24948 428th Avenue
    Alexandria, SD 57211

3. That, within 20 days from the date of this Order, Patzlaff must file a response to the Government's arguments that the § 2255 motion was not timely filed and that Patzlaff procedurally defaulted on his claims. The response must include confirmation of Patzlaff's current address; and

4. That this case will be dismissed if Patzlaff fails to comply with this Order.

Dated this 17th day of May, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Shelly Margulies
(SEAL)   DEPUTY