FILED
AUG 2 2 2005

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LARRY PATZLAFF, | \* | CIV 04-4213 |
| | \* | CR 01-40051 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION AND |
| | \* | ORDER OF DISMISSAL |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Larry Patzlaff ("Patzlaff") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the following reasons, the motion must be denied as untimely.

Patzlaff was indicted in June 2001 on two counts of mailing threatening communications in violation of 18 U.S.C. § 876. Following his November 9, 2001, conviction on both counts at trial, this Court imposed a sentence on February 4, 2002, and entered a final judgment on February 6, 2002. Patzlaff filed a timely notice of appeal. The mandate from the Eighth Circuit affirming Patzlaff's conviction was issued on October 2, 2002. Patzlaff did not file this § 2255 until December 27, 2004, over two years later and outside of the one-year statute of limitations under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

In the Government's Answer to the § 2255 motion, and in the accompanying brief, the Government argues that the § 2255 was untimely and should be dismissed with prejudice. (Docs. 6 and 7.) The Court permitted Patzlaff to submit additional information regarding the limitations issue. (Doc. 9.) Patzlaff does not dispute that his initial motion is untimely filed, nor does he assert that there is some reason the Court should apply equitable tolling to relieve him of the consequence of the late filing. (Doc. 11.) Patzlaff stated, "I am innocent," but he offered no explanation why, with due diligence, he could not have filed his § 2255 motion within the one-year statute of

limitations. With no explanation being provided to the Court for Patzlaff's failure to comply with the statute of limitations, Patzlaff is not entitled to relief. Accordingly,

IT IS ORDERED that Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied as untimely, and this case is dismissed with prejudice.

Dated this 22nd day of August, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)    DEPUTY